UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONDELL HILL, : | |
|       Plaintiff, : | Civ. No. 21-03872 (KM) |
| v. : | |
| UNITED STATES OF AMERICA, et al., : | **OPINION** |
|       Defendants. : | |

**KEVIN MCNULTY, U.S.D.J.**

**I.     BACKGROUND**

Pro se Plaintiff Rondell Hill, a pretrial detainee at Essex County Correctional Facility (ECCF), originally filed a complaint against the United States on March 8, 2021, alleging various civil rights violations related to restrictions imposed during the Covid-19 pandemic. (DE 1.) I previously granted Plaintiff *in forma pauperis* ("IFP") status and leave to file an amended complaint. (DE 5.) Plaintiff has now filed an amended complaint adding various defendants: federal (the Marshal's Service, this Court, Chief Judge Wolfson, the Department of Justice), and state (Governor Murphy, Essex County, Director Ortiz, Warden Cirillo), plus a state contractor (CFG Medical Services). (DE 7.) Plaintiff also requests class certification, appointment of pro bono counsel, and injunctive relief.

Having screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I will dismiss it for the following reasons.

**II.    LEGAL STANDARD**

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding IFP. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

*Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 Fed.Appx. 144, 145 n.1 (3d Cir. 2009) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (discussing that *Bivens* created a right against federal officials parallel to Section 1983's right to assert a claim against state officials); *see also Collins v. F.B.I*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

### III.   DISCUSSION

The amended complaint, like the initial complaint, asserts civil rights claims against the United States.  The United States, however, is not subject to suit for constitutional torts, including these civil rights claims, and is entitled to absolute sovereign immunity in this matter. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016). Plaintiff's civil rights claims against the United States must therefore be dismissed.

Likewise, many of the other named Defendants are also immune from suit. Federal departments and agencies, such as the Department of Justice and the United States Marshals Service, are immune from suit in civil rights matters. *See, e.g., Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Gardner*, 445 F. App'x 466-67 (3d Cir. 2011) ("the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of

sovereign immunity). Chief Judge Wolfson is joined based on her issuance of the standing orders Plaintiff opposes. Those orders were clearly issued in a judicial rather than administrative capacity, notwithstanding Plaintiff's assertion to the contrary, and Judge Wolfson is therefore absolutely immune from suit in this civil rights matter. *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). Th United States District Court for the District of New Jersey, sued as an entity, is likewise entitled to sovereign immunity. *See, e.g., Gamble v. United States Dist. Ct. of Rhode Island*, No. 18-778, 2019 WL 1301727, at *2 (D. Del. Mar. 21, 2019). Accordingly, Plaintiff's claims against the United States, Judge Wolfson, this Court, the United States Marshals Service, and the United States Department of Justice are dismissed.

Plaintiff also contends that this Court's standing order violated his speedy trial rights and challenges the pre-trial conditions of confinement, including "severe isolation," lack of family and attorney visitation, and limited medical care. (DE 7 at 14-16.) Plaintiff poorly delineates which Defendants committed which alleged violations; he states only that Judge Wolfson issued the standing order he believes violated his speedy trial rights, that Governor Murphy issued "Covid-19 emergency orders that were used by defendants to deprive plaintiff of constitutional rights," that this Court and the United States employ some of the defendants and should be responsible as such, that Director Ortiz issued unspecified "emergency declarations," and that all of the Defendants other than this Court, Governor Murphy, and the United States, "conspired" to deprive him of his rights. (*Id.* at 6-7).

As discussed herein, Plaintiff does not, for the most part, specify which Defendants committed which violation, or support his allegations of conspiracy with factual allegations. Perhaps most problematically, Plaintiff does not specify how *his own* rights were violated, as opposed to making general allegations of restrictive conditions of confinement imposed on detainees in general. (*Id.* at 6-28). [1]

As to the remaining named Defendants – Governor Murphy, Essex County, Director Ortiz, Warden Cirillo, and CFG Medical Services – Plaintiff fails to plead adequate facts which

---

[1] Numerous federal detainees have filed the same form complaint, which differs only in the name and docket number assigned. In this case, as in others, Plaintiff seeks to have his claims proceed on a class action basis. Still, a class representative must possess a claim on his own account.

would indicate personal involvement in the alleged wrongs. A defendant in a federal civil rights matter may not be held liable based solely on his role as a supervisor. To be held liable, such a supervisor must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). Thus a plaintiff must generally plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing]." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

In the case of a municipal defendant or outside contractor, such as Defendants Essex County and CFG Medical Services, a plaintiff must instead plead that the municipality or contractor adopted a policy, practice, or custom which was ultimately responsible for the alleged violation. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipal or corporate policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation for a plaintiff to successfully plead a plausible claim for relief as to such a defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

Here, Plaintiff does not plead Defendants' specific acts, other than to note that Governor Murphy issued certain unspecified emergency orders (presumably those related to COVID-19), and that Director Ortiz issued unspecified "emergency declarations."[2] (DE 5 at 7). Plaintiff does not identify the orders he challenges, state how they caused the specific rights violations he wishes to challenge, or specify how any decisions, policies, practices, or other actions by Defendants caused *him* harm. For example, throughout the Amended Complaint, Plaintiff refers

---

[2] In his argument in support of his complaint, Plaintiff excerpts these declarations without proper context regarding who enacted the policies in question, including whether Ortiz himself adopted the challenged policies, what the policies truly are, or how they have been specifically applied to Plaintiff. (*See* DE 5 at 21-24). Without specificity, these snippets are insufficient to state a claim for relief as to Defendant Ortiz.

to general conditions, like a complete lack of access to any dental visits and limited access to other medical services, but does not establish his own need for (and deprivation of) access to those services (DE 7 at 17.) Indeed, several allegations in the Amended Complaint refer to a different facility entirely. (*See, e.g.* DE 7 at 15 (alleging that lack of family visitation caused Monmouth County Jail detainee to die by suicide.)) Plaintiff has therefore failed to plead a cognizable claim for relief based on civil rights violations as to any of the remaining Defendants, and Plaintiff's claims against them must therefore be dismissed.

Similarly, Plaintiff's bald assertion of a "conspiracy" among the Defendants to deny him his rights does not preserve his complaint. A plaintiff who seeks to plead a conspiracy cannot rest on bare accusations, but must instead plead facts showing actual agreement between the alleged conspirators and concerted action towards the object of the conspiracy. *See, e.g., Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Epshteyn*, 608 F. App'x at 93; *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result is insufficient to show conspiracy, which requires a showing of actual agreement and concerted action). As Plaintiff has failed to plead facts giving rise to a plausible inference of actual agreement or concerted action, he has failed to plead a conspiracy. Any claims based on alleged conspiracy will therefore be dismissed without prejudice against the remaining, non-immune Defendants.

In addition to standard civil rights claims, Plaintiff alleges claims under two other federal statutes – the federal Civil Racketeer Influenced and Corrupt Organizations Act (RICO) statute, 18 U.S.C. § 1962, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42. U.S.C. § 2000cc *et seq.* To the extent Plaintiff asserts Civil RICO claims, he has failed to allege many of the elements of such a claim – particularly, the essential elements of conduct of an enterprise through a pattern of racketeering activity. *See, e.g., Parness v. Christie*, No. 15-3505, 2015 WL 4997430, at *6-8 (D.N.J. August 19, 2015). He has likewise failed to plead cognizable RICO losses – civil RICO may only be used to recover "concrete financial loss" in the form of an injury to property or business; personal injury or emotional harm are not proper bases for a RICO claim. *Id.*; *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000); *Magnum v. Archdiocese of Philadelphia*, 253 F. App'x 224, 227 (3d Cir. 2007). All of Plaintiff's claims

allege constitutional violations related to personal injury, including prolonged pre-trial detention, and are unrelated to the kind of losses addressed by RICO. The RICO claim is therefore dismissed.

Likewise, the complaint fails to state a claim under RLUIPA. To state a claim under that statute, Plaintiff must plead facts showing that Defendants burdened *his* personal sincerely held religious beliefs and exercise thereof. *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015); *Farnsworth v. Davis*, No. 7:20-CV-00264, 2020 WL 4017848, at *3 (W.D. Va. July 16, 2020) (dismissing RLUIPA claim where plaintiff claimed he was barred from church services but did not indicate his religion or beliefs, including any allegation that attendance at services at some regular interval is a precept of his religion).

Again, Plaintiff's lack of specific allegations undermines the Amended Complaint. Plaintiff pleads no facts regarding his own religious beliefs or tenets, or any interference with his form of worship. Instead he merely notes generally that certain jail restrictions have hindered certain forms of worship. Plaintiff's RLUIPA claim is therefore dismissed without prejudice.[3]

Finally, Plaintiff asserts a speedy trial claim, and seeks jail time credit as a remedy. A civil rights claim, however, may not be used to challenge the fact or length of a prisoner's detention. Any claim challenging the fact or length of a prisoner's detention must be raised either via a motion in the criminal case or a habeas corpus petition. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (award or restoration of additional jail credits in civil rights action would impugn validity of length of detention); *see, e.g. United States v. Smith*, 460 F. Supp. 3d 981, 983 (E.D. Cal. 2020) (analyzing Speedy Trial Act factors in Covid-19 context). Plaintiff alleges that he is a pre-trial detainee, and courts in this Circuit generally decline to exercise pre-trial habeas jurisdiction. A speedy trial challenge to detention or to seek additional jail credits towards a sentence are therefore most appropriately made through a motion filed in the underlying criminal case. *See, e.g., Reese v.*

---

[3] Because Plaintiff's RLUIPA claim is clearly deficient, this Court need not, and does not at this time address whether any named Defendant is a proper RLUIPA defendant.

*Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018) (pre-trial detainee may not resort to habeas petition and must instead seek pre-trial relief through the filing of a criminal motion).

Finally, Plaintiff seeks to assert a claim under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-2. I will not exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. § 1367(c). Such a dismissal is appropriate where, as here, the only federal claim is no longer viable, the case has not progressed substantially, and no particular prejudice will result. *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019); *see also Bringa v. Roque*, Civ. No. 13-3296, 2015 WL 857884, at *5 (D.N.J. Feb. 27, 2015) ("the court may, within its discretion, decline to exercise supplemental jurisdiction" over the remaining state-law claims").[4]

## IV. CONCLUSION

For the reasons above, the claims in the Amended Complaint against the United States, this Court, United States Department of Justice, United States Marshals Service, and Judge Wolfson are **DISMISSED WITH PREJUDICE**, because the court finds that their defects would not be remedied by further amendment. The claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE.** Plaintiff's applications for the appointment of counsel, injunctive relief, and class certification are **DENIED WITHOUT PREJUDICE** because no claims remain. An appropriate order follows.

Dated: August 30, 2021

/s/ Kevin McNulty

KEVIN MCNULTY
United States District Judge

---

[4] Moreover, because the NJCRA is interpreted analogously to Section 1983 claims, the NJCRA claims would also be dismissed for the same reasons as the 1983 claims: there are insufficient facts alleged detailing state Defendants' specific actions and their impact upon Plaintiff. *Szemple v. Correctional Med. Servs., Inc.*, 493 Fed. App'x. 238, 241 (3d Cir. 2012) ("NJCRA is interpreted as analogous to § 1983.")